| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **SOUTHERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| MIR MASSOUD KASHANI,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States; ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services; JANET NAPOLITANO, Secretary, Department of Homeland Security; PAUL M. PIERRE, District Director, San Diego Office, U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY.<br>                                    Defendants. | CASE NO. 10-CV-872-IEG (POR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 21] |

Plaintiff Mir Massoud Kashani initiated this action against Defendants Eric H. Holder, Jr., Janet Napolitano, Alejandro Mayorkas, Paul M. Pierre, United States Department of Homeland Security, and United States Citizenship and Immigration Services ("Defendants") to challenge the denial of his naturalization application. Plaintiff requests this Court review the denial of his application *de novo* under 8 U.S.C. § 1421(c).

Presently before the Court is Defendants' motion for summary judgment. (Doc. No. 21.) Plaintiff filed an opposition, and Defendants filed a reply. Defendants' motion is suitable for

disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).[1]  For the reasons stated herein, the Court GRANTS the motion.

## BACKGROUND

Plaintiff is a permanent resident of the United States.  On August 28, 2007, Plaintiff filed an N-400 application for naturalization.   On November 18, 2009, Defendant United States Citizenship and Immigration Services ("USCIS") denied Plaintiff's application on the ground that he was unable to demonstrate that he was a person of good moral character as required by 8 U.S.C. § 1427, citing several arrests that occurred during the three previous years.  Plaintiff timely appealed the decision and received a new interview on March 16, 2010.   On April 20, 2010, the USCIS issued a final determination denying naturalization.

On April 26, 2010, Plaintiff filed his petition requesting this Court review *de novo* the final denial of his naturalization application under 8 U.S.C. § 1421(c).  Plaintiff requests the Court grant his application and administer an oath of citizenship.  Plaintiff contends he has met all the eligibility requirements for naturalization: he has met the residence requirements, is of good moral character, and has passed the naturalization interview tests.

On June 28, 2010, Defendants filed this motion for summary judgment, arguing Plaintiff's criminal history precludes the Court from granting the relief he seeks.

## DISCUSSION

**I.     Legal Standard**

Summary judgment is proper where the pleadings and materials demonstrate "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears "the initial responsibility of informing the district court of the basis for its motion." Celotex, 477 U.S. at 323.  To satisfy this burden, the movant must demonstrate

---

[1] Plaintiff is currently incarcerated at the Vista Detention Facility.  (Doc. No. 23.) (Mot. for Summ. J., Ex. C.)

that no genuine issue of material fact exists for trial. Id. at 322. Where the moving party does not have the ultimate burden of persuasion at trial, it may carry its initial burden of production in one of two ways: "The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., v. Fritz Cos., 210 F.3d 1099, 1106 (9th Cir. 2000).

If the moving party carries its initial burden, the nonmovant must then show that there are genuine factual issues which can only be resolved by the trier of fact. Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000). The nonmoving party may not rely on the pleadings alone, but must present specific facts creating a genuine issue of material fact through affidavits, depositions, or answers to interrogatories. Fed R. Civ. P. 56(e); Celotex, 477 U.S. at 324. The court must review the record as a whole and draw all reasonable inferences in favor of the nonmoving party. Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. Id.; Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008).

## II.     Analysis

Pursuant to 8 U.S.C. § 1421(c), this Court has jurisdiction to review *de novo* a denial of a naturalization application. 8 U.S.C. §§ 1421(c). According to the statute, the Court "shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." Id.

Title 8 U.S.C. § 1427 sets forth a number of requirements that a naturalization applicant must meet. The only requirement at issue in this case is the requirement that an applicant, "during the five years immediately preceding the date of filing his application[,] . . . has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." 8 U.S.C. § 1427(a)(3). The regulations makes clear that the applicant for naturalization bears the burden of demonstrating

good moral character during the statutory period, which includes the period between the examination and the administration of the oath of allegiance. 8 C.F.R. § 316.10(a)(1).

Title 8 U.S.C. § 1101(f) sets forth a list of characteristics that, if present in a naturalization applicant, preclude a finding of good moral character. In particular, this provision states: "No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . a member of one or more of the classes of persons . . . described in . . . subparagraphs (A) and (B) of section 1182(a)(2) of this title . . . ." Id. § 1101(f)(3). The class of persons set forth in subparagraph (A) of section 1182(a)(2) includes "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I).

At issue in this motion is whether the relief Plaintiff seeks is foreclosed as a matter of law due to two events which took place *after the denial of his application* in November 2009: (1) a May 14, 2010 felony grand theft conviction, and (2) a October 27, 2009 guilty plea for burglary. Defendant argues these convictions render Plaintiff statutorily ineligible to naturalize, and therefore summary judgment is appropriate. In addition, Defendants argue Plaintiff is ineligible to naturalize because he is currently incarcerated, and will be on probation (or in prison) for at least three more years.

As an initial matter, Plaintiff argues the Court cannot consider any convictions which occurred after the denial of his application. Plaintiff focuses primarily on whether the USCIS incorrectly based its decision on certain arrests occurring in the three years before the denial of his application. The Court's review, however, is *de novo*. 8 U.S.C. §§ 1421(c). The regulations expressly state that the applicant for naturalization bears the burden of demonstrating good moral character during the statutory period, which includes the period between the examination *and the administration of the oath of allegiance*. 8 C.F.R. § 316.10(a)(1); see, e.g., U.S. v. Hovsepian 422 F.3d 883, 886 (9th Cir. 2005) (holding applicants were required to demonstrate good moral character during the five years before they filed their applications through the date of the most

recent hearing, a period of about 12 years); Santamaria-Ames v. I.N.S., 104 F.3d 1127, 1132 (9th Cir. 1996) (holding the statutory period during which the applicant must prove good moral character extends "to the present"). Thus, the Court must determine whether Plaintiff has demonstrated good moral character during the five years preceding his application up until the present. See 8 U.S.C. §§ 1427(a); 8 C.F.R. § 316(10)(a)(1).[2] This includes the time period after the denial of his application.

As discussed before, 8 U.S.C. § 1182(a)(2)(A)(i)(I) provides that a conviction for a crime of moral turpitude creates a statutory bar to naturalization. The Ninth Circuit has determined that grand theft is a crime involving moral turpitude. Garcia-Lopez v. Ashcroft, 334 F.3d 840, 844 (9th Cir. 2003) (citing Rashtabadi v. INS, 23 F.3d 1563, 1568 (9th Cir. 1994)). Here, it is undisputed that on May 12, 2010, six months after Plaintiff's application was denied, Plaintiff was convicted by a jury of felony grand theft in violation of California Penal Code § 487. (Mot. for Summ. J., Ex. B.) The Superior Court sentenced Plaintiff to 120 days in county jail, three years probation, and restitution.[3] Id.

Plaintiff argues that because the conviction is on appeal, it is not final. However, as Defendant argues, the fact that Plaintiff's conviction is on appeal does not prevent that conviction from barring naturalization. Title 8 U.S.C. § 1101(a)(48) defines the term "conviction" as "a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where– (i) a judge or jury has found the alien guilty . . . and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48). It is undisputed that a jury found Plaintiff guilty of grand theft and he was sentenced

---

[2] Because the Court concludes that a finding of good moral character is precluded by events occurring after the denial of Plaintiff's application, the Court need not address the issue of whether USCIS properly denied the petition based on arrests occurring in the three years prior to the denial.

[3] Plaintiff completed his term of confinement on or about July 10, 2010, and was immediately taken into custody by the San Diego County Sheriff's Department pursuant to a warrant. (Notice of Suppl. Facts, Ex. B.) The Superior Court set his bail at $3 million. (Mot. for Summ. J., Ex. H.) Plaintiff is currently incarcerated at the Vista Detention Facility, awaiting trial on twenty separate felony counts, including identity theft. (Mot. for Summ. J., Ex. G.)

to imprisonment and probation. Therefore, Plaintiff's conviction for grand theft precludes a finding by this Court of good moral character.

Defendants further argue that the relief Plaintiff seeks is also foreclosed by his October 27, 2009 guilty plea to felony burglary under California Penal Code § 459.[4] Although a burglary conviction is not categorically a crime involving moral turpitude, the Court may look to the documents that are a part of the record of conviction, including a signed guilty plea, to determine whether Plaintiff pled guilty to elements that constitute a crime involving moral turpitude. Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1019-20 (9th Cir. 2005). The Ninth Circuit has held that theft is a crime involving moral turpitude. Id. at 1020. Here, it is undisputed that Plaintiff pled guilty to felony burglary less than a month before his application was denied. (Mot. for Summ. J., Exs. D, E.) At Plaintiff's Change of Plea hearing, Plaintiff admitted understanding he was pleading guilty to a "theft crime," and that he entered into a building "with the specific intent to commit a theft." (Mot. for Summ. J., Ex. D, at 6:4-9,17-20.) In his signed guilty plea, he also admitted to entering the store with "intent to steal." (Mot. for Summ. J., Ex. E.)

Plaintiff argues he has not yet been sentenced in that case, and there is no conviction for immigration purposes until there is a sentencing. However, as Defendants point out, the statutory bar to naturalization does not require a conviction and imposition of a sentence. Section 1182(a)(A) provides "any alien convicted of, *or who admits having committed, or who admits committing acts* which constitute the essential elements of . . . a crime involving moral turpitude . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(I). It is undisputed that Plaintiff has admitted in his guilty plea that he committed acts which constitute a crime involving moral turpitude - burglary with intent to commit a theft. Therefore, Plaintiff's admission precludes a finding by this Court of good moral character.

Finally, the Court finds Plaintiff is currently ineligible to naturalize because in May 2010

---

[4] As Plaintiff points out, if he is acquitted on all charges in another pending criminal case, the case will be reduced to a misdemeanor. (Mot. for Summ. J., Ex. D.) However, whether the conviction is for a felony or misdemeanor has no impact on this Court's conclusion.

he was sentenced to three years probation.  (Mot. for Summ. J., Ex. B.)  Pursuant to 8 C.F.R. § 316.10(c)(1), "[a]n application will not be approved until after the probation, parole, or suspended sentence has been completed."  8 C.F.R. § 316.10(c)(1).

The undisputed facts demonstrate Plaintiff cannot meet his burden of demonstrating good moral character during the statutory period, and therefore the Court cannot grant the relief Plaintiff seeks.  Because no genuine issue of material fact exists as to this issue, summary judgment is appropriate.[5]

## CONCLUSION

Accordingly, the Court GRANTS Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

**DATED: August 23, 2010**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[5] Given the Court's conclusion based on Plaintiff's conviction for grand theft and guilty plea for burglary, the Court does not address the litany of arrests discussed in Defendants' motion for summary judgment.